**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| ANTHONY BANASZAK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-cv-13710 |
| v. | ) | |
| | ) | Honorable Thomas L. Ludington |
| CITIMORTGAGE, TREASURER OF | ) | |
| BAY COUNTY, JPMORGAN CHASE | ) | Magistrate Judge Charles E. Binder |
| BANK, N.A., successor by merger to | ) | |
| CHASE AUTO FINANCE CORP., and | ) | |
| AMERICAN GENERAL FINANCE, | ) | |
| INC., now doing business as | ) | |
| SPRINGLEAF FINANCIAL SERVICES, | ) | |
| INC., Jointly and Severally, | ) | |
| | ) | |
| Defendants. | | |

_____

## DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS

Defendant CitiMortgage, Inc. ("Defendant" or "Citi"), by and through its undersigned counsel, moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Anthony Banaszak ("Plaintiff")'s Complaint ("Complaint"). Defendant relies upon the attached brief in support of its motion. The undersigned contacted counsel for Plaintiff by telephone as required by E.D. Mich. L.R. 7.1(a) to explain (i) the nature of this Motion and its legal basis, and (ii) request concurrence in the relief sought; however, despite a good faith effort, Plaintiff's counsel would not agree to withdraw Plaintiff's claims.

WHEREFORE, Citi respectfully requests that the Court (i) enter judgment in its favor dismissing all of Plaintiff's claims with prejudice; and (ii) grant any other relief this Court deems appropriate.

Respectfully submitted,

DYKEMA GOSSETT, PLLC

Dated:  November 1, 2013       By:   /s/ Kyle R. Dufrane
                                     Kyle R. Dufrane (P58809)
                                     *Attorneys for CitiMortgage, Inc.*
                                     400 Renaissance Center
                                     Detroit, Michigan  48243
                                     (313) 568-6529
                                     kdufrane@dykema.com

                                     and

                                     MAYER BROWN LLP

                                     Debra Bogo-Ernst
                                     71 South Wacker Drive
                                     Chicago, IL  60606
                                     (312) 782-0600
                                     dernst@mayerbrown.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| ANTHONY BANASZAK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-cv-13710 |
| v. | ) | |
| | ) | Honorable Thomas L. Ludington |
| CITIMORTGAGE, TREASURER OF | ) | |
| BAY COUNTY, JPMORGAN CHASE | ) | Magistrate Judge Charles E. Binder |
| BANK, N.A., successor by merger to | ) | |
| CHASE AUTO FINANCE CORP., and | ) | |
| AMERICAN GENERAL FINANCE, | ) | |
| INC., now doing business as | ) | |
| SPRINGLEAF FINANCIAL SERVICES, | ) | |
| INC., Jointly and Severally, | ) | |
| | ) | |
| Defendants. | | |

_____

## DEFENDANT CITIMORTGAGE, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.  Whether Plaintiff's claims that Citi allegedly violated 50 App. U.S.C. § 527 fail because he does not allege that he suffered any damage or harm as a result of Citi's actions?

2.  Whether Plaintiff's request for anticipatory relief under 50 App. U.S.C. § 591 fails because Plaintiff did not file a timely motion as required by the statute?

3.  Whether Plaintiff's request for a preliminary injunction is moot and inadequately pled?

4.  Whether Plaintiff's claim for injunctive relief under 50 App. U.S.C. § 518 fails because the statute already provides the relief requested and because the Complaint lacks allegations that Citi purportedly has violated or threatened to violate the statute?

5.  Whether Plaintiff's claim for relief under 50 App. U.S.C. § 561 fails because the statute does not provide for the requested relief?

6.  Whether Plaintiff's fraud and misrepresentation claims should be dismissed because Plaintiff fails to state a prima facie claim of fraud under Michigan law and fails to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standards?


Citi answers "yes."

Plaintiff would answer "no."

The Court should answer "yes."

## **CONTROLLING AND MOST APPROPRIATE AUTHORITY**

Citi relies on Fed. R. Civ. P. 9(b) and 12(b)(6) and the additional authorities cited in its accompanying brief.

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED.................................................................i

CONTROLLING AND MOST APPROPRIATE AUTHORITY ...........................ii

TABLE OF AUTHORITIES ................................................................................iv

INTRODUCTION ................................................................................................1

SUMMARY OF PLAINTIFF'S ALLEGATIONS ...............................................2

SCRA ...................................................................................................................3

STANDARD OF REVIEW ..................................................................................5

ARGUMENT .......................................................................................................5

      I.     Count I Fails Because Plaintiff Does Not Allege That He Suffered Damages........5

      II.    Count III Should Be Dismissed On The Grounds That It Requests Improper Relief.........................................................................................7

            A.    Plaintiff's Claims For Injunctive Relief Under Section 527 Are Improper....................................................................8

            B.    Plaintiff's Claim For Anticipatory Relief Under SCRA Section 591 Is Procedurally Flawed ...............................8

            C.    Plaintiff's Request For Preliminary Injunctive Relief Is Moot...................9

            D.    Count III Does Not Support A Claim For An Injunction Under SCRA Section 518.................................................10

      III.   Plaintiff Cannot Bring A Claim Against Citi Under SCRA Section 561 ..............11

      IV.   Plaintiff's Fraud Claim Is Not Pled In Accordance With Michigan Law Or With The Particularity Required By Federal Rule Of Civil Procedure 9(b)..........11

      CONCLUSION.......................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Basicomputer Corp. v. Scott*,
   973 F.2d 507 (6th Cir. 1992) ....................................................................9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................5, 6

*Frank v. Dana Corp.*,
   547 F.3d 564 (6th Cir. 2008) ..................................................................12

*Frazier v. HSBC Mortgage Servs.*,
   401 F. App'x 436 (11th Cir. 2010) (per curiam) .......................................6

*Holland Furnace Co. v. Purcell*,
   125 F. Supp. 74 (W.D. Mich. 1954) ........................................................10

*Jarrett v. Snyder*,
   2013 WL 3270911 (W.D. Mich. June 27, 2013) ......................................10

*Jimenez v. Miami-Dade County*,
   2013 WL 214673 (S.D. Fla. Jan. 18, 2013) .............................................11

*Kewin v. Mass. Mut. Life Ins. Co.*,
   409 Mich. 401, 295 N.W.2d 50 (1980)......................................................7

*Koenig v. Waukesha State Bank*,
   2006 WL 2334841 (E.D. Wis. Aug. 10, 2006) ...........................................6

*Newton v. Bank of McKenney*,
   2012 WL 1752407 (E.D. Va. May 16, 2012) ...........................................6, 7

*Nieman v. NLO, Inc.*,
   108 F.3d 1546 (6th Cir. 1997) ..................................................................5

*Roberts v. Saffell*,
   280 Mich. App. 397 (2008)......................................................................12

*Rodriguez v. Am. Express*,
   2006 WL 908613 (E.D. Cal. April 7, 2006) ...........................................9, 10

*Sanderson v. HCA-The Healthcare Co.*,
   447 F.3d 873 (6th Cir. 2006) ..................................................................12

*SEIU Health Care Mich. v. Snyder*,
   875 F. Supp. 2d 710 (E.D. Mich. 2012).....................................................8

*Smith v. Bank of Am.*,
   485 F. App'x 749 (6th Cir. 2012) ...........................................................................12

*State of Connecticut v. Commonwealth of Massachusetts*,
   282 U.S. 660 (1931) ................................................................................................10

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
   125 F.3d 899 (5th Cir. 1997) ..................................................................................12

*Waite v. Macy*,
   246 U.S. 606 (1918) ................................................................................................10

*Woodland Harvesting, Inc. v. Georgia Pac. Corp.*,
   693 F. Supp. 2d 732 (E.D. Mich. 2010) .................................................................13

**STATUTES**

Servicemembers' Civil Relief Act of 2003 ......................................................... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) ................................................................................................6

Fed. R. Civ. P. 9(b) .......................................................................................1, 12, 13

Fed. R. Civ. P. 12(b)(6)...........................................................................................5, 6

## <u>INTRODUCTION</u>

Plaintiff, a servicemember, brings this Complaint against Citi under sections 518, 527, 561, and 591 of the Servicemembers' Civil Relief Act of 2003 ("SCRA"), 50 App. U.S.C. § 501 *et seq.*, making various allegations related to the servicing of his residential mortgage loan while he was on active duty status.   Plaintiff's Complaint, however, should be dismissed for the following reasons:

- First, Count I fails to state a claim that Citi allegedly violated SCRA Section 527 in that Plaintiff does not allege that he has sustained any damages for which to be compensated;

- Second, Count III fails to state a claim for injunctive relief under SCRA Section 527 because it does not allege that Plaintiff has or will suffer irreparable harm;

- Third, Plaintiff's request in Count III for anticipatory relief under SCRA Section 591 is procedurally flawed;

- Fourth, Plaintiff's request in Count III for a preliminary injunction is moot and inadequately pled;

- Fifth, Count III fails to state a claim for relief under SCRA Section 518;

- Sixth, Count V does not allege a plausible claim that Citi purportedly violated SCRA Section 561 because the statute is inapplicable to Citi; and

- Seventh, Count VI fails because Plaintiff has failed to adequately plead his fraud claim under Federal Rule of Civil Procedure 9(b) as well as Michigan law.[1]

For the reasons set forth below, Citi respectfully requests that the Court grant its Motion to Dismiss.

---

[1] The following claims are not pleaded against Citi and, accordingly, Citi does not move to dismiss them herein: Count II (violation of SCRA section 527 against JPMorgan Chase Bank/Chase Auto Finance Corp.); Count IV (application for relief pursuant to SCRA Sections 518, 527, 532, and 591 against JPMorgan Chase); Count VII (fraud, misrepresentation, and deceit against JPMorgan Chase); Count VIII (application for relief pursuant to SCRA Sections 518, 527, and 591 against Bay County Treasurer); Count IX (violation of SCRA Section 527 by American General Finance Corp./Springleaf Financial Services); and Count X (application for relief pursuant to SCRA Sections 518, 527, and 591 against American General Finance Corp./Springleaf Financial Services).

1

## SUMMARY OF PLAINTIFF'S ALLEGATIONS[2]

On November 11, 2003, Plaintiff alleges that he obtained a purchase money mortgage ("Mortgage") in the amount of $156,543.00 from Union Federal Bank of Indiana on property located in Bay City, Michigan.  Compl. ¶¶ 4, 43; Ex. 1.  The loan was a 30-year, fixed rate mortgage with a 6.875% annual interest rate.  *Id.* Ex. 1.  According to Plaintiff, the Mortgage was assigned to Citi at some point before October 1, 2006.  *Id.* ¶¶ 7, 44.

In the interim, Plaintiff, who was on reserve status in the United States Army, received orders on September 1, 2004 that he was to report for a period of active duty commencing on October 3, 2004.  *Id.* ¶ 5; Ex. 2.  Plaintiff's active duty service was thereafter extended until it was terminated on March 31, 2006.  *Id.* ¶¶ 6-7; Ex. 3.

Plaintiff entered into a loan modification agreement with Citi dated October 3, 2006 ("First Loan Modification Agreement").  *Id.* ¶ 7; Ex. 4.  Under the First Loan Modification Agreement, Plaintiff acknowledged that the unpaid principal on his Mortgage as of October 3, 2006 was $154,489.09 and that accrued interest, costs, and expenses in the amount of $27,219.82 had not been paid, which was added to the new unpaid principal under the modification.  *Id.* Ex. 4.  The First Loan Modification Agreement provided the same annual interest rate of 6.875% as Plaintiff's original Mortgage.  *Id.*

After entering into the First Loan Modification Agreement, Plaintiff received orders dated July 25, 2007, which required him to report for active duty status beginning on September 15, 2007.  *Id.* ¶ 11; Ex. 5.  According to Plaintiff, his active duty status was extended for another period of 365 days in January 2008.  *Id.* ¶ 12.  During this period of active duty service, Plaintiff allegedly "was unable to pay [his] mortgage obligation," and therefore he executed a second loan

---

[2] For purposes of this motion to dismiss, Citi is forced to treat Plaintiff's allegations as true.  Citi, however, expressly denies all of Plaintiff's claims.

modification agreement with Citi dated September 13, 2008 ("Second Loan Modification Agreement"). *Id.* ¶ 15; Ex. 7. The Second Loan Modification Agreement stated that the new unpaid principal balance was $215,364.03, which was the sum of the previous unpaid principal balance and unpaid incurred interest, costs, and expenses. *Id.* Ex. 7.

The attachments to the Complaint demonstrate that Plaintiff received a letter from Citi dated October 8, 2008, less than a month after Plaintiff entered into the Second Loan Modification Agreement, stating that Citi had received his "previous notification" regarding the SCRA and had "adjusted the effective interest rate on [his] mortgage loan to 6.000%. As a result, [Plaintiff claims he had] been receiving a monthly subsidy of $131.35." *Id.* Ex 7 at 9.

Plaintiff was ordered by letter dated August 5, 2009 to report for active duty commencing on September 14, 2009, and his active duty status was consistently extended thereafter until he was discharged from service on March 5, 2013. *Id.* ¶¶ 16, 20-22, 24; Exs. 8, 11-14. Without attaching any of the supporting documentation, Plaintiff generally alleges that he purportedly gave timely written notice to Citi and provided Citi a copy of all of his "Orders to Active Duty from the Armed Services and asserted his rights to the protections of the SCRA regarding the maximum interest rate that could be charged on the Mortgage." *Id.* ¶ 48.

Plaintiff filed the Complaint on August 29, 2013, seeking damages and injunctive relief on four causes of action asserted against Citi for alleged violations of the SCRA, specifically outlined below.

## **SCRA**

Plaintiff alleges various claims under Sections 518, 527, 561, and 591 of the SCRA. First, Plaintiff brings a claim under SCRA Section 518. This section protects certain aspects of a servicemember's credit and states that a servicemember's claim for SCRA protection "shall not

itself (without regard to other considerations) provide the basis" for an adverse credit report on the servicemember. *Id.* § 518(3).

Second, Plaintiff sues Citi under SCRA Section 527, which provides a six percent (6%) interest rate limitation that creditors may charge an eligible servicemember for obligations and liabilities that the servicemember incurred "before the servicemember enters military service." The interest rate limitation applies during the servicemember's period of military service and for one year thereafter. *Id.* § 527(a)(1)(A). For the interest rate limitation to apply, the servicemember must provide written notice and a copy of his or her military orders to the creditor no later than 180 days after the servicemember's release from military service. *Id.* § 527(b)(1).

Third, Plaintiff brings a claim based on SCRA Section 561. This section generally applies to: (i) limit the sale of property to enforce a tax assessment absent a court order specifically allowing the sale, and (ii) stay court proceedings regarding the same in cases in which a tax or assessment falls due and remains unpaid before or during a period of military service on a servicemember's real property. *Id.* § 561(a)-(b).

Plaintiff's final SCRA-related claim is under Section 591, which provides that, upon "appropriate notice" for relief, made within 180 days of termination of release from military service, a court can stay the enforcement of contracts for obligations which were incurred before service. Additionally, this section allows for a servicemember to petition a court for restructuring of indebtedness. *Id.* § 591(a), (c). As demonstrated below, Plaintiff fails to state a claim under any of these SCRA provisions.

**STANDARD OF REVIEW**

Citi moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).  "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted).  As shown below, Plaintiff's Complaint fails to state a claim under Rule 12(b)(6).

**ARGUMENT**

**I.     Count I Fails Because Plaintiff Does Not Allege That He Suffered Damages.**

Citing Section 527 of the SCRA, Count I alleges that Citi allegedly failed or refused to reduce the interest rate on Plaintiff's Mortgage to 6% from the date of "notification of mobilization to active military duty . . . and continuing to a point in time that is one year after release." Compl. ¶ 50.  While Plaintiff claims that he allegedly is entitled to "economic and non-economic damages, including but not limited to overcharged interest, damages to his credit score, emotional distress, embarrassment and humiliation," Compl. ¶ 51, the Complaint does not

5

contain any allegations that Plaintiff ever *actually paid* more than 6% interest on his loan during any time that he has been on active duty.  Federal Rule of Civil Procedure 8(a), as interpreted through *Twombly*, requires that Plaintiff plead a cause of action that is plausible and based on more than mere speculation, *Twombly*, 550 U.S. at 555, but Plaintiff's allegations regarding damages do not meet this standard.  Specifically, the Complaint fails to allege: (1) how much interest Citi has charged Plaintiff since he went on active duty; (2) how, if at all, that amount exceeds 6%; (3) how much interest Plaintiff actually paid while on active duty; or (4) any other specific facts that would enable the Court to determine, from the face of the Complaint, that Plaintiff has factual support for his claim.  And, as other courts have held, Plaintiff's claim simply cannot survive if he has never actually paid interest in excess of 6%.  *See, e.g.*, *Newton v. Bank of McKenney*, 2012 WL 1752407, at *9 (E.D. Va. May 16, 2012) (rejecting plaintiffs' SCRA claim related to interest in excess of the 6% rate cap because "the plaintiffs never paid any overcharges") (unpublished cases collected at Ex. A); *Frazier v. HSBC Mortgage Servs.*, 401 F. App'x 436, 439 (11th Cir. 2010) (per curiam) (affirming summary judgment for defendant where, despite the fact that plaintiff's account statements included two different annual percentage rates, plaintiff admitted that "since she was called to active duty, she has never actually paid HSBC more than 6% interest on her loan, even for the few months when she was allegedly charged interest rates in excess of 6%"); *Koenig v. Waukesha State Bank*, 2006 WL 2334841, at *4 (E.D. Wis. Aug. 10, 2006) (rejecting plaintiff's SCRA claim under Section 527 because plaintiff never actually paid more than 6% interest).

In fact, the documents attached to Plaintiff's Complaint show that Citi properly lowered Plaintiff's interest rate to 6%.  *See, e.g.*, Exs. 4, 7.  Exhibit 7 to the Complaint is an October 8, 2008 letter from Citi to Plaintiff explaining that he had been receiving an adjusted interest rate of

6% pursuant to the SCRA.  Compl. Ex. 7 at 9.  Consistent with the absence of any allegation that Plaintiff paid an interest rate over 6%, the Complaint contains at least three allegations that Plaintiff "was unable to pay the mortgage obligation."  *See, e.g.*, *id.* ¶¶ 7, 15, 25.

In addition to seeking damages for overcharged interest that he fails to allege he paid, Plaintiff also seeks damages for purported harm to his credit score and emotional distress.  The Complaint, however, fails to contain allegations that support this request.  Plaintiff's request for damages for emotional distress fails because Plaintiff's claim (to the extent he has one) sounds in contract.  *See Newton*, 2012 WL 1752407 at *8 (SCRA effectively amends the contract between the parties; court, therefore, may only award contractual remedies for a breach of the amended contract; a claim that the bank charged interest greater than the rate allowed under the federally mandated contractual amendment is a contract claim, not a tort claim); *see also Kewin v. Mass. Mut. Life Ins. Co.*, 409 Mich. 401, 415; 295 N.W.2d 50, 53 (1980) (damages for mental distress generally cannot be recovered in an action for breach of a contract).  For these reasons, Count I should be dismissed.

## II.     Count III Should Be Dismissed On The Grounds That It Requests Improper Relief.

In Count III, Plaintiff restates the allegations of Count I, but makes additional requests for injunctive relief.  In particular, Plaintiff seeks court orders: (1) reducing his interest rate to 6% pursuant to SCRA Section 527, for the period of July 25, 2007 to March 4, 2014; (2) staying his Mortgage obligations under SCRA Section 591 for the period of July 25, 2007 to October 15, 2018 (the 2,050-day duration of his active duty service beginning on July 25, 2007 plus "an additional period equal to the entire period of active duty of [Plaintiff] since July 25, 2007 until his discharge") and re-amortizing his Mortgage with any deferred amounts; (3) preventing Citi from pursuing any type of foreclosure or seizure action until final judgment on Plaintiff's request

under SCRA Section 591; and (4) prohibiting Citi from making adverse reports regarding Plaintiff's credit under SCRA Section 518.  Compl. ¶¶ 60-61.  As set forth below, Plaintiff's requests for injunctive relief should be denied.

> **A.    Plaintiff's Claims For Injunctive Relief Under SCRA Section 527 Are Improper.**

For the same reasons discussed in Section I above, Plaintiff is not entitled to injunctive relief pursuant to SCRA Section 527.  The Complaint does not contain any allegations that Plaintiff paid interest exceeding 6% on his Mortgage during his active duty service, and thus Plaintiff has failed to allege that he has suffered or will suffer any harm to support an injunction.  *See SEIU Health Care Mich. v. Snyder*, 875 F. Supp. 2d 710, 723 (E.D. Mich. 2012) (basis of injunctive relief in federal courts has always been irreparable harm and inadequacy of legal remedies).

> **B.    Plaintiff's Claim For Anticipatory Relief Under SCRA Section 591 Is Procedurally Flawed.**

Plaintiff's request for a court order relieving him from making payments on his Mortgage from July 25, 2007 until October 15, 2018 is precluded because Plaintiff failed to comply with applicable SCRA requirements.  Compl. ¶ 61.  Specifically, Plaintiff has not issued "appropriate notice," as required by the SCRA within the 180-day post discharge time period prescribed by the statute.  *See* 50 App. U.S.C. § 591(a), (b) ("the court may" "after appropriate notice and hearing grant the following relief").

Plaintiff was discharged from military service on March 5, 2013, and accordingly he had 180 days in which to seek relief under SCRA Section 591, or until September 1, 2013.  This action was filed on August 29, 2013, which is within the statutory time period.  Plaintiff, however, has not filed a noticed *motion* for stay.  Plaintiff requested a stay and restructuring of his payments in the Complaint, but a complaint is not a motion, and a stay pursuant to SCRA

8

Section 591 is not self-executing. *See Rodriguez v. Am. Express*, 2006 WL 908613, at *8 (E.D. Cal. April 7, 2006) (plaintiff-servicemember's request for relief under SCRA Section 591 contained in his complaint, without a separate motion, was insufficient and his request for relief had to be denied). Plaintiff was required to file and serve a separate motion for stay by September 1, 2013 in order to perfect his request. He failed to do so and that date is now past, and as a result, the relief sought under SCRA Section 591 is unavailable to Plaintiff. Nothing in the SCRA authorizes a stay to Plaintiff absent the filing of a motion to stay within the required time period.

### C.      Plaintiff's Request For Preliminary Injunctive Relief Is Moot.

The Complaint makes clear Count III's request for a preliminary injunction preventing Citi from pursuing any type of foreclosure or seizure action is contingent on a final judgment on Plaintiff's request under SCRA Section 591. As discussed in Part II.B *supra*, the time for Plaintiff to make a proper motion under SCRA Section 591 has expired. Accordingly, Plaintiff's request for an injunction is moot.

In any event, Plaintiff has failed to set forth sufficient allegations in support of his request for a preliminary injunction in Count III. Courts must balance four elements when considering a request for injunctive relief: (1) likelihood of success on the merits; (2) irreparable harm; (3) the balance of equities; and (4) the public interest. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). Here, Plaintiff has not made any allegations concerning these elements nor has he demonstrated that they weigh in his favor. Accordingly, Plaintiff's request for preliminary injunctive relief should be dismissed.

### D.   Count III Does Not Support A Claim For An Injunction Under SCRA Section 518.

Plaintiff cannot maintain a request for an injunction under a statute that already provides the relief requested.  Here, Plaintiff requests an injunction that Citi be prohibited from making adverse reports regarding Plaintiff's credit, but the law already provides for this relief.  Compl. ¶ 62.  SCRA Section 518 precludes a creditor from issuing an adverse report relating to the creditworthiness of a servicemember who has applied for or received a stay, postponement, or suspension of the payment of, among other things, a civil obligation or liability.

In any event, Count III does not contain allegations sufficient to support the issuance of an injunction.  For example, it does not contain any allegations showing that Plaintiff's claims are based on anything more than apprehension that Citi allegedly might make such an adverse report, which is not sufficient under the law to state a claim.  *See Holland Furnace Co. v. Purcell*, 125 F. Supp. 74, 83 (W.D. Mich. 1954) (courts will not issue injunctions on mere apprehension that party will not do their duty or will not follow the law) (quoting *Waite v. Macy*, 246 U.S. 606, 609 (1918)); *see also Jarrett v. Snyder*, 2013 WL 3270911, at *4 (W.D. Mich. June 27, 2013) ("Injunctive relief 'will not be granted against something merely feared as liable to occur at some indefinite time in the future.'") (quoting *State of Conn. v. Commonwealth of Mass.*, 282 U.S. 660, 674 (1931)).  Moreover, the Complaint does not allege that Citi has made a negative credit report based solely on Plaintiff's application for relief under the SCRA.[3]  For these reasons, Plaintiff's request in Count III for an injunction under SCRA Section 518 fails and should be dismissed.

---

[3] Moreover, the language of SCRA Section 518 provides that "other considerations" might make a negative credit report justifiable in connection with application for or relief under the SCRA.  *See* 50 App. U.S.C. § 518 (request for relief "shall not itself (without regard to other considerations) provide the basis for" an adverse report); *see also Rodriguez*, 2006 WL 908613 at *7.  Citi is therefore not prohibited from making adverse credit reports where, for example, Plaintiff failed to pay his monthly mortgage payments on a timely basis.

**III.    Plaintiff Cannot Bring A Claim Against Citi Under SCRA Section 561.**

Plaintiff's claim under SCRA Section 561 in Count V also fails.  This section of the SCRA has no application to Citi in this action, and Plaintiff's allegations in Count V do not state a claim.

SCRA Section 561 prohibits a non-judicial sale of property to enforce a tax or assessment except by court order and upon the determination by the court that military service did not materially affect the servicemember's ability to pay the unpaid tax or assessment.  The Complaint contains no allegations that the Mortgage property was sold or that Citi attempted to sell it—let alone allege that any sale or attempted sale by Citi was related to a failure to pay taxes.  *See Jimenez v. Miami-Dade County*, 2013 WL 214673, at *4 (S.D. Fla. Jan. 18, 2013) (similarly finding SCRA Section 561 inapplicable where complaint lacked allegations defendant sold property on account of failure to pay taxes).  Plaintiff alleges that Citi purportedly failed or refused to "abide by the mortgage contract . . . continuing until a period of up to 180 days after" his discharge from service.  Compl. ¶ 72.  Such allegations are insufficient to state a claim.  Plaintiff does not allege that Citi sold or forfeited his property for failing to pay taxes; SCRA Section 561 is therefore inapplicable, and Count V must be dismissed.

**IV.    Plaintiff's Fraud Claim Is Not Pled In Accordance With Michigan Law Or With The Particularity Required By Federal Rule Of Civil Procedure 9(b).**

In Count VI, Plaintiff alleges that Citi allegedly engaged in fraud, deceit, and misrepresentation.  Compl. ¶¶ 75-81.  Plaintiff's claim is founded on his allegation that he purportedly "relied to his detriment on [Citi's] implied and express representations that they would comply with the laws of the United States of America and afford [Plaintiff] the protections under the [SCRA]."  *Id*. ¶ 79.  In support, Plaintiff lists seven ways in which he believes that Citi allegedly violated the SCRA.  *Id*. ¶ 80.  However, Plaintiff's general and

11

conclusory allegations are insufficient to support a fraud claim under Michigan law and federal pleading requirements.

In order to state a prima facie claim of fraud under Michigan law, "a plaintiff must establish that: (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury." *Roberts v. Saffell*, 280 Mich. App. 397, 403; 760 N.W.2d 715 (2008).

Beyond these elements, claims of fraudulent conduct must adhere to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which provides that a claim of fraud must be pled with particularity. "To meet the particularity requirement, a complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, (4) explain why the statements were fraudulent." *Smith v. Bank of Am.*, 485 F. App'x 749, 752 (6th Cir. 2012) (quoting *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)). To properly allege fraud under Rule 9(b), a plaintiff must "at a minimum, . . . allege the time, place[,] and contents of the misrepresentation upon which they relied." *Smith*, 485 F. App'x at 752 (citation omitted); *see also Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) ("As a sister circuit has phrased it," Rule 9(b) requires a plaintiff to "specify the 'who, what, when, where, and how' of the alleged fraud.") (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). "In other words, a plaintiff must plead each element of a fraud claim with enough specificity so that a defendant can ascertain both the allegedly fraudulent statement

12

as well as the context in which it was made." *Woodland Harvesting, Inc. v. Georgia Pac. Corp.*, 693 F. Supp. 2d 732, 739 (E.D. Mich. 2010).

Here, Plaintiff's Complaint does not meet the Michigan or Fed. R. Civ P. 9(b) requirements. Plaintiff's bare allegation that he relied to his detriment on Citi's representations that it would comply with the law is not sufficient: Plaintiff's Complaint fails to allege *when* or *where* the statements were made, *who* made them, or *why* such statements were fraudulent. Plaintiff fails to allege *how* Citi knew that false representations were being made. Moreover, there are no specific allegations regarding Citi's alleged fraudulent intent. As discussed in Section I *supra*, Plaintiff fails to allege any specific injury resulting from the alleged fraud and instead relies on the statement that he purportedly has "suffered extensive damages including consequential damages, both economic and non-economic damages, including but not limited to overcharged interest, damages to credit score, emotional distress, embarrassment, and humiliation." Compl. ¶ 81. Accordingly, Count VI of the Complaint should be dismissed.

## CONCLUSION

For these reasons, Citi respectfully requests that this Court (i) enter judgment in its favor and dismiss all of Plaintiff's claims against Citi with prejudice, and (ii) grant any other relief this Court deems appropriate.

Respectfully submitted,

DYKEMA GOSSETT, PLLC

Dated:  November 1, 2013          By:  /s/ Kyle R. Dufrane
                                       Kyle R. Dufrane (P58809)
                                       *Attorneys for CitiMortgage, Inc.*
                                       400 Renaissance Center
                                       Detroit, Michigan  48243
                                       (313) 568-6529
                                       kdufrane@dykema.com

                                       and

                                       MAYER BROWN LLP

                                       Debra Bogo-Ernst
                                       71 South Wacker Drive
                                       Chicago, IL  60606
                                       (312) 782-0600
                                       dernst@mayerbrown.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

DYKEMA GOSSETT PLLC

By: _/s/ Kyle R. Dufrane_

15