UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY J. BANASZAK,

        Plaintiff,         Case No. 13-cv-13710

v         Honorable Thomas L. Ludington

CITIMORTGAGE, INC., et al.,

        Defendants.

_____/

**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**

Plaintiff Anthony Banaszak filed this case against Defendant CitiMortgage, alleging that it had violated several provisions of the Servicemembers Civil Relief Act, 50 U.S.C. §§ 501 *et seq.* ("SCRA") and had engaged in common-law fraud. The allegations relate to CitiMortgage's management of his residential mortgage loan while he was on active duty status.

On November 1, 2013, CitiMortgage filed a motion to dismiss Banaszak's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss, ECF No. 20. The motion was referred to United States Magistrate Judge Charles Binder, who issued a report recommending that CitiMortgage's motion be granted in full and that Banaszak's complaint be dismissed. Rep. & Rec., ECF No. 43.

On September 10, 2014, this Court issued an opinion and order adopting in part the magistrate judge's report and recommendation and granting in part Defendant's motion to dismiss. Op. & Order Adopting in Part, ECF No. 62. The Court dismissed Banaszak's claims for fraud and for violation of § 518, and it further determined that emotional damages were not available for violations of § 527. On September 23, 2014, Banaszak filed a motion for

reconsideration of the September 10, 2014 Order Adopting the Report in Part, which was denied on October 1, 2014. Order Denying Recons., ECF No. 65.

Banaszak then filed the instant motion for a certificate of appealablity regarding, *inter alia*, the Court's dismissal of those claims. Mot. Certificate of Appealability, ECF No. 67. Banaszak requests that four issues be certified for interlocutory appeal: (1) whether Plaintiff is entitled to recover emotional damages for violations of 50 U.S.C. App. § 527; (2) whether Plaintiff has adequately pleaded a claim for violation of 50 U.S.C. App. § 518; (3) whether Plaintiff has adequately pleaded a claim for violation of 50 U.S.C. App. § 533; and (4) "not allowing an amendment of the pleadings." *Id*. at 1-2. Banaszak contends that a certificate of appealability is warranted because there is "substantial ground for difference of opinion" with respect to each issue.

## I

Interlocutory appeals in the federal system generally are disfavored. *Firestone Tire & Rubber Co. v. Rijord*, 449 U.S. 368 (1981). "Routine resort to § 1291(b) request would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996). Accordingly, a party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist that warrant an interlocutory appeal. *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002); *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993).

To obtain a certificate of appealability, the moving party must show that: "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an

immediate appeal would materially advance the ultimate termination of the litigation." *Vitols*, 984 F.2d at 170 (citing *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974)).

## II

Banaszak requests that this Court grant a certificate of appealability with respect to four issues: (1) whether Plaintiff is entitled to recover emotional damages for violations of 50 U.S.C. App. § 527; (2) whether Plaintiff has adequately pleaded a claim for violation of 50 U.S.C. App. § 518; (3) whether Plaintiff has adequately pleaded a claim for violation of 50 U.S.C. App. § 533; and (4) "not allowing an amendment of the pleadings." Mot. Certificate Appealability 1-2.

As explained in further detail below, Banaszak has not convinced the Court that he is entitled to a certificate of appealability on any of his claims. At a minimum, he has not shown that the third element—there is substantial ground for difference of opinion—can be met for any claim.

### A

First, Banaszak requests a certificate of appealability with respect to this Court's conclusion that he cannot recover emotional damages for violations of 50 U.S.C. App. § 527. Section 527 provides that obligations incurred by a servicemember before entering military service may not bear an interest rate greater than 6% during the period of military service and, in some cases, for a year after discharge from the military. Any interest charged over the 6% rate must be forgiven.

In the instant case, Banaszak alleges that CitiMortgage violated § 527 by charging mortgage interest at a rate of 6.725%. The Court concluded that, although Banaszak had stated a claim for violation of § 527, emotional damages are not recoverable for such a violation because

Michigan law does not permit recovery of emotional damages related to breach of contract claims.

Banaszak contends that a certificate of appealability is warranted on this issue because "there is substantial ground for difference of opinion on whether or not emotional damages are recoverable for violations under the SCRA, more specifically 50 U.S.C. App. § 527."[1] In support of his contention, Banaszak cites the same cases that he cited in his motion for reconsideration—which this Court has already found, for the most part, inapplicable. *See* Mot. Certificate Appealability (citing *Brewster v. Sun Trust Mortgage, Inc.*, No. 12-56560 (9th Cir. Feb. 7, 2014); *Hurley v. Deutsche Bank*, 2009 WL 701006 (W.D. Mich. March 13, 2009); *Rowles v. Chase Home Finance, LLC*, 2012 WL 80570 (D.S.C. Jan. 10, 2012); and *Wray v. CitiMortgage, Inc.*, 3:12-3628 (D.S.C. June 26, 2013).

Here, the question of whether emotional damages are available for violations of § 527 is a question of law, and therefore the first element is met. However, Banaszak has not shown that the remaining three elements have been met. With respect to the requirement that there is "substantial ground for difference of opinion," the Court has already twice surveyed the current law on the issue. *See* Order; Order Denying Recons. 5 ("The *Brewster* court explicitly refused to address whether punitive damages—let alone emotional damages—were recoverable under SCRA § 533 . . . ."), *id*. ("*Wray* does not discuss which types of damages are available for violations of § 527."), at 6 ("*Rowles* does not reference § 527, punitive damages, or emotional damages, and thus it provides no guidance for this Court."); *id*. ("Although the *Hurley* court addressed punitive damages, it did not address § 527 or emotional damages."). The only case

---

[1] Notably, this is the only argument Banaszak advances that is relevant to the determination of whether a certificate of appealability is warranted. Banaszak does explain how the other three elements of the test are met; instead, he attempts a public policy argument: "If the only remedy available to Plaintiff is to force Defendant to re-examine his loan obligation, making sure the bank has not overcharged him, what punishment/remedy will cause Defendant to not violate the SCRA in the future or against other servicemembers?" Mot. Certificate Appealability 10.

that is directly on point—*Newton v. Bank of McKenney*, 2012 WL 1752407 (E.D. Va. May 16, 2012)—concluded that, because the applicable state law prohibits an award of emotional damages for breach of contract, the plaintiff could not recover emotional damages for violation of §527. Because every case that Banaszak cites is either distinguishable or inapposite to the issue, he has not shown that there is "substantial ground for difference of opinion."

But even if Banaszak had shown that there is substantial ground for difference of opinion, he cannot meet the second and fourth elements: that the issue of law is controlling and an immediate appeal would materially advance the ultimate termination of the litigation. For an issue to materially advance the litigation, the issue would need to be dispositive on the issue of liability. Here, the issue of whether emotional damages are available does not affect whether CitiMortgage is liable to Banaszak. Indeed, even if the Sixth Circuit, on interlocutory appeal, held that emotional damages were available, that determination would have no bearing on the issue of whether CitiMortgage is liable for the alleged violation of § 527. For example, the parties would still need to proceed through motion practice (such as motions for summary judgment) and then to trial. Thus, an interlocutory appeal on this damages issue would not advance the ultimate termination of the litigation. Accordingly, a certificate of appealability is denied with respect to the issue of whether emotional damages are available for violations of § 527.

**B**

Second, Banaszak seeks a certificate of appealablity with respect to the dismissal of his claim pursuant to 50 U.S.C. App. § 518. Section § 518 prohibits a creditor from making an adverse credit report simply because a plaintiff invoked the provisions of the SCRA. This claim was dismissed because Banaszak admitted that he was seeking prospective relief—which is not

cognizable on a claim for violation of § 518. Obj. at 3, ECF No. 44 (Banaszak is asserting a § 518 "simply as a matter of precluding the Defendants from adversely reacting."). Indeed, prospective relief was the only relief requested in Banaszak's complaint with respect to this claim. Therefore, Banaszak's claim for violation of § 518 was dismissed.

In his motion for certification of this claim, Banaszak does not cite any law for the proposition that he is entitled to a certificate of appealability. Indeed, Banaszak cannot even meet the first element—that the issue is an issue of law. Banaszak contends that CitiMortgage did in fact hurt his credit score, and therefore he has suffered a violation of § 518.[2] Whether Plaintiff's credit or credit score suffered is an issue of fact—and therefore this issue does not even meet the first element of the test, which only permits certification of issues of law. Moreover, as noted in the Order and the Order denying Reconsideration, Banaszak did not affirmatively plead that his credit score suffered as a result of his invocation of his right—as is his burden under Federal Rule of Civil Procedure 8.[3]

Nor can Banaszak show that the third element is met. The only argument Banaszak makes is that "there is a substantial ground for difference of opinion as to the amount Plaintiff's credit/credit score suffered." He does not provide an explanation for this conclusion, nor does he cite any caselaw to support that proposition. Accordingly, a certificate of appealability will be denied as to this claim.

---

[2] As noted in its Order Denying Reconsideration, Banaszak did not plead this theory of liability in his complaint, in his response to CitiMortgage's motion to dismiss, at the Magistrate Judge's hearing on CitiMortgage's motion to dismiss, or in his objections to the Magistrate Judge's report and recommendation. Rather, Banaszak raised the argument for the first time in his motion for reconsideration.

[3] It is true that documents filed *pro se* are "to be liberally construed . . . ." *Estelle v. Gamble*, 429 U.S. at 106 ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ."). Here, however, Banaszak is represented by counsel, and therefore this Court need not "liberally construe" the complaint, much less re-write his complaint to include allegations counsel omitted. *Gause v. Byars*, 2011 WL 3489836, at *1 (D.S.C. Aug. 9, 2011) (While reviewing a *pro se* complaint, "a district court may not rewrite a petition to conjure up questions never squarely presented, nor can the court ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim"); *see also Gerrior v. Stoddard*, 2014 WL 4284649, at *2 (E.D. Mich. Aug. 29, 2014).

**C**

Third, Banaszak seeks a certificate of appealability with respect to whether he has stated a claim for violation of 50 U.S.C. § 533. Section 533 prohibits the sale, foreclosure, or seizure of property during or within one year after a servicemember's military service. However, as noted in the Order Denying Reconsideration, Banaszak never pleaded an independent claim for violation of § 533. Instead, Banaszak alleged that Defendants committed fraud by violating § 533:

> Defendant committed fraud and misrepresented their intentions/actions and deceived the Plaintiff Banaszak when Defendant . . .
>
> (E) Failed and/or refused to stay proceedings and/or adjust Plaintiff Banaszak's obligations under the note & mortgage so as to preserve Plaintiff Banaszak's interest in said obligation. 50 U.S.C. App. § 533.

Comp. ¶80(E). The plain terms of Banaszak's complaint indicate that he is asserting that CitiMortgage committed fraud by violating § 533. Nowhere in the complaint does Banaszak allege an independent violation of § 533. There is no substantial ground for difference of opinion on this issue. Therefore, a certificate of appealability will be denied with respect to this issue.

**D**

Lastly, Banaszak seeks a certificate of appealability on the issue of whether he should be allowed to amend his complaint to include a claim under § 533. But Banaszak has never filed a motion to amend his complaint.

True, in his objections to the Magistrate Judge's recommendation, Banaszak sought leave to amend his complaint to allege *a violation of § 561*: "Plaintiff desires an opportunity to amend his Complaint to include this violation [of § 561] by Defendant." Obj. 12. This request was

- 7 -

denied because this Court's rules prohibit parties from making independent motions as part of a response to an opponent's motion or as objections to a Magistrate Judge's report. Op. & Order Adopting in Part 18 (citing Motion Practice Guidelines for Judge Thomas L. Ludington, Separate Motion and Brief, available at http://www.mied.uscourts.gov/Judges/guidelines/topic.cfm?topic_id=360 ).

In other words, Banaszak has never filed a motion seeking leave to amend his complaint to include a claim under § 533. Thus, there is no substantial ground for difference of opinion regarding whether this Court should have sua sponte granted Banaszak leave to amend his complaint. A certificate of appealability will be denied with respect to this issue.

### III

Banaszak has not shown that this is an exceptional case that is appropriate for interlocutory review under § 1291(b). Banaszak has not shown that there is substantial ground for a difference of opinion with respect to each issue, and therefore a certificate of appealability will be denied.

Accordingly, it is **ORDERED** that Banaszak's Motion for Certificate of Appealability (ECF No. 67) is **DENIED**.

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: October 21, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 21, 2014.

> s/Tracy A. Jacobs
> TRACY A. JACOBS