UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY J. BANASZAK,

    *Plaintiff*,      CASE NO. 13-cv-13710

v.      DISTRICT JUDGE THOMAS L. LUDINGTON
    MAGISTRATE JUDGE PATRICIA T. MORRIS

CITIMORTGAGE, INC.,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO MODIFY AND EXTEND SCHEDULING ORDER AND APPLICATION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion to modify and extend scheduling order and application for leave to amend complaint (Doc. 78) be **DENIED**.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Anthony Banaszak, a captain in the United States Armed Services, initiated this case on August 29, 2013. (Doc. 1.) Defendant is CitiMortgage, Inc.[1] ("CitiMortgage"). Plaintiff's allegations arise from CitiMortgage's management of his residential mortgage loan while he was on active duty status. On November 1, 2013,

---

[1] Plaintiff's complaint named four defendants; however Plaintiff dismissed his claims against three of those parties. (Docs. 53, 58, 71.)

CitiMortgage filed a motion to dismiss, (Doc. 20) which was granted in part and denied in part by District Judge Thomas L. Ludington on September 10, 2014. (Doc. 62.) Plaintiff's claims for violation of the Servicemembers Civil Relief Act ("SCRA") §§ 516 and 518 and for common law fraud were dismissed pursuant to Rule 12(b)(6). (*Id.* at pg. ID 750-51.) Plaintiff's claims for violations of SCRA §§ 527 and 591 were permitted to proceed. (*Id.* at ID 751.) On October 21, 2014, an order referring pretrial matters to the undersigned magistrate judge was entered. (Doc. 69.) A scheduling order was entered on February 12, 2015, which set a March 27, 2015 deadline for motions to join parties and to amend pleadings. (Doc. 74.) The discovery cutoff date was set for September 14, 2015, and the dispositive motion deadline was set for October 28, 2015. (*Id.*) Defendant filed a motion for summary judgement in compliance with the scheduling order. (Doc. 81.) The instant motion to extend discovery and amend Plaintiff's complaint was filed after the discovery cutoff on October 21, 2015. (Doc. 21.) Defendant fled a response on November 4, 2015. (Doc. 86.) Therefore, Plaintiff's motion is ready for report and recommendation without oral argument. *See* E.D. Mich. L.R. 7.1(f)(2).

I will address Plaintiff's motion in two parts. First, I will discuss the modification and extension of the scheduling order. Then I will address the merits of Plaintiff's motion to amend.

    **A.**    **Modification and Extension of Scheduling Order**

Modification of a scheduling order is permissible under Federal Rule of Civil Procedure 16(b)(4) where good cause has been shown. "But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be

2

met despite the diligence of the party seeking the extension.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). The court must also consider whether the opposing party will suffer any prejudice as a result of the amendment. *Id.* The scheduling order entered by this Court permits modification, but notes that discovery will not be ordered "subsequent to the discovery cutoff date" and the discovery deadline may only be extended if "the extension does not affect the motion cutoff." (Doc. 74, at ID 906.)

Plaintiff seeks an extension to (1) add additional parties; (2) amend his complaint; and (3) conduct additional discovery, including, seeking a motion to compel, deposing Defendant's agents, employees and/or representatives and retaining additional witnesses/experts. (Doc. 78, at ID 941.) Plaintiff asserts that the extension is justified because CitiMortgage did not provide any documents responsive to Plaintiff's discovery requests until August 12, 2015, just one month prior to the discovery cutoff. (*Id.*) Plaintiff states that "the documents were in excess of 3,264 pages, were produced in a format that required Plaintiff's counsel to open over 300 individual files, enter a 10-digit encryption key/password for each file and print the respective pages that were not in chronological order." (*Id.* at ID 941.) Thus there was insufficient time for Plaintiff to conduct depositions after reviewing the disclosure. (*Id.*) Plaintiff also alleges that Defendants failed to supplement vague and ambiguous responses to Plaintiff's March 24, 2015 Request for Admissions, Interrogatories and Request for Production of Documents. (*Id.*)

Plaintiff did not seek an extension until October 21, 2015—two months after Defendant disclosed its documents, over a month after the discovery cutoff, and just one week prior to the dispositive motion deadline.[2] Thus the motion is untimely.

In addition, I am not convinced that Plaintiff exercised due diligence in seeking discovery. Plaintiff failed to serve discovery requests until March 25, 2015, just two days prior to the deadline for motions to join parties and amend pleadings. (Doc. 86, at ID 1453). CitiMortgage was prepared to produce its documents in June 2015; however, Plaintiff delayed disclosure by failing to approve a proposed confidently agreement until August 7, 2015. (Doc. 86, at ID 1437-38, 1453.) In addition, Plaintiff rejected Defendant's offer to produce the documents prior to execution of the confidentiality order "on an attorneys' eyes-only basis." (*Id.* at ID 1437-36.) Plaintiff has also failed to submit any evidence that he attempted to schedule depositions or made efforts to obtain supplemental responses from Defendant. Although Plaintiff sent one letter on June 9, 2015, specifically demanding production of documents, he did not file a motion to compel or otherwise seek supplemental discovery responses to Defendant's allegedly vague and ambiguous responses.

I am also not convinced by Plaintiff's argument that Defendant deliberately withheld evidence until the cutoff to file amended pleadings and join parties had passed.

---

[2] Plaintiff asserts that Defendant concurs on his motion for an extension. (Doc. 78, at ID 933.) Defendant admits that it informed Plaintiff on September 17, 2015 that it would not oppose a ninety-day extension at that time. (Doc. 86, at ID 1441.) However, Plaintiff did not file a motion with the court until October 21, 2015 over a month after his request and after Defendant had begun preparation of its motion for summary judgement. (*Id.* at 1441-42.) Thus Defendant did not concur in Plaintiff's motion for an extension.

CitiMortgage promptly produced its documents on August 10, 2015 immediately after submitting the confidentiality agreement to the court.[3] (*Id.* at 1438-39.) These documents were produced electronically as searchable PDFs, organized in the order that they were kept in CitiMortgage's files, as required by Fed. R. Civ. P. 34(b)(2)(E)(i). (*Id.* at 1439.) Plaintiff did not inform CitiMortgage of any difficulty accessing these files until September 11, 2015, and failed to respond to Defendants offer to overnight a hard copy. (*Id.* at 1454.) Plaintiff's argument that CitiMortgage's initial disclosure violated Rule 26(a)(1)(A) by providing only a "vague description of documents" instead of a copy of those documents is unconvincing. A party is permitted to provide "a description by category and location" of documents that are required to be disclosed under Fed. R. Civ. P. 26(a)(1)(A)(ii). If Defendant's disclosure was inadequate Plaintiff should have brought a motion to compel.

Finally, every date in the scheduling order has now passed. Defendant completed written discovery, deposed Plaintiff's expert, prepared and served its expert report and filed its motion for summary judgment. (Doc. 86, at ID 1435.) Thus, Defendant would be unfairly prejudiced if an extension were granted. Therefore, I find that Plaintiff has failed to demonstrate good cause for an extension of the scheduling order.

### B.     Plaintiff's Motion to Amend

Plaintiff seeks leave to amend his complaint to (1) add claims on behalf of a putative class; (2) add violations of SCRA §§ 518, 531, 532, and 533; (3) add a violation

---

[3] This order was entered on August 11, 2015. (Doc. 77.) Plaintiff appears to have received the documents on either August 11 or August 12, 2015. (Doc. 78, at ID 938, 941.)

of the Consent Decree in the National Mortgage Settlement; (4) add violations of Michigan's Consumers Protection Act and Truth in Lending Act ("TILA"); and (5) add Huntington National Bank ("Huntington") as a Defendant and add violations of SCRA §§ 527, 531, and 533 by Huntington. (Doc. 78, Ex. 1.)

When a motion for leave to amend is before the court, Fed. R. Civ. P. 15(a) provides that "leave shall be freely given when justice so requires." *Id.* "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality," *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995), because, despite the Rule's liberality, leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992). The decision to grant or deny a motion to amend is left to the sound discretion of the district court. *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990). When determining whether to grant leave to amend, the court is to consider several factors:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). Courts may also consider whether the matters contained in the proposed amended complaint are unrelated

to claims in the original complaint. *Hestep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001).

### 1. Undue Delay

Since both the discovery and dispositive motion deadlines have passed, "an increased burden is on the movant at this late stage in the litigation to show justification for the failure to move earlier." *Duggins v. Steak'n Shake, Inc.*, 195 F..3d 828 (6th Cir. 1999). Undue delay alone is insufficient to justify denial of a request to amend. *Head*, 870 F.2d at 1123. "[A] court must find at least some significant showing of prejudice to the opponent." *Duggins*, 195 F.3d at 834. Courts have found undue prejudice to the opponent merely in allowing amendment after the close of discovery. *Id.* ("At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree.")

Plaintiff asserts that amendment is justified because Defendants purposely failed to disclose documents until one month prior to the close of discovery after the deadline to amend pleadings and join parties had passed. (Doc.78 at ID 944.) As previously discussed, Plaintiff failed to exercise due diligence in his efforts to obtain discovery. Thus I am unconvinced by this argument.

Plaintiff next argues that Amendment is justified because of new evidence revealed by CitiMortgage's August 12, 2015 disclosure. (*Id.* at ID 945-46.) First, Plaintiff alleges that CitiMortgage's disclosure revealed that violations of the SCRA began in 2004 by parties other than CitiMortgage. (*Id.*) His complaint further alleges that from 2004 to 2006 Plaintiff's loan obligation was held by Waterfield Mortgage Company

("Waterfield") which was succeeded by Huntington. (Doc. 78, Ex. 1 ¶ 82.) However, Plaintiff should have been aware of Waterfield's involvement in his mortgage loan when he filed his complaint, because Waterfield was listed as servicer of Plaintiff's Note. (Doc. 1, Ex. 1, at ID 48.) Thus Plaintiff has presented no justification for why he has failed to add Huntington as a Defendant until now.

Second, new evidence allegedly reveals that CitiMortgage was repeatedly notified by multiple parties of Plaintiff's active duty service. (Doc. 78, at ID 945.) However, Plaintiff alleged that he notified CitiMortgage of his active duty service in his original complaint. (Doc. 1 ¶ 48.) Thus, clearly Plaintiff was aware that CitiMortgage was notified prior to filing his complaint. Third, Plaintiff alleges that the documents revealed that CitiMortgage violated the SCRA by charging six percent interest while Plaintiff was on active duty service. (Doc. 78, at ID 945.) However, this fact was similarly raised as an allegation in Plaintiff original complaint. (Doc. 1 ¶ 50).

Fourth, Plaintiff alleges that he has discovered evidence that Plaintiff's mortgage was wrongfully referred to foreclosure counsel at least five times. (Doc. 78, at ID 945.) Such evidence would support Plaintiff proposed amendment to add a violation under SCRA § 533, the foreclosure provision. However, Plaintiff was clearly aware of his claim that CitiMortgage violated § 533 prior to the deadline for amending pleadings. His original complaint raised allegations that CitiMortgage committed fraud by violating § 533. (Doc. 1 ¶ 80(E).) This claim was dismissed by the Court. (Doc. 62, at ID 765-67.) In addition, in October 2014, Plaintiff requested that the Court issue a certificate of appealability on the issue of whether he should be allowed to amend his complaint to

8

include a claim under § 533. (Doc. 67.) This motion was denied because Plaintiff had not filed a motion to amend his complaint. (Doc. 68.) Thus plaintiff was clearly aware that he may have a claim under § 533, as early as October 2014; however, he delayed amending his complaint until now.

Fifth, Plaintiff alleges that the documents revealed that CitiMortgage violated the SCRA by charging fees, costs, and interest on his 2006 and 2008 loan modifications. (Doc. 78, at ID 945.) However, as Defendant points out, Plaintiff's was clearly aware of this violation prior to the end of discovery. (Doc. 86, at ID 1447.) His expert opined on the issue on July 6, 2015, noting that "[T]wo separate loan modifications . . . caused interest, late fees and penalties to be added on to Captain Banaszak's principal . . . . Not only were the late fees and penalties charged in violation of the SCRA, but the interest was also added to the loan on top of which additional interest began accruing on the increased principal." (Doc. 81, Ex. I, at ID 1259-60.) Thus, Plaintiff was clearly aware of this evidence prior to Defendants August 12 disclosure.

Sixth, Plaintiff raises allegations that Defendants negatively reported and impacted Plaintiff's credit score. (Doc. 78, at ID 945.) However, Plaintiff does not explain how this information would be unavailable to him given that it is his own personal credit score. Seventh, Plaintiff alleges that Defendants violated the Consent Decree between CitiMortgage and the United States. (*Id.* at ID 946.) However, it's clear that Plaintiff was aware that the loan modification had been denied when he filed his first complaint. (Doc. 1 ¶ 27.)

9

Finally, Plaintiff alleges that he should be permitted to amend because Defendant inaccurately calculated the principal balance due on Plaintiff's outstanding mortgage obligation. (doc. 78, at ID 946.) Once again, it is unclear why this information wasn't previously unavailable to Plaintiff. Plaintiff does not explain why he was unable to calculate the correct principal balance prior to Defendant's disclosure.

In light of the above I find that Plaintiff's motion to amend was unduly delayed.

### 2. Claims on Behalf of a Putative Class

Plaintiff's original complaint did not include any putative class allegations or seek relief on behalf of any other individuals. (Doc. 1.) Thus, Defendant did not have notice that Plaintiff may amend her complaint to raise allegations on behalf of a putative class two years after his original complaint was filed. Plaintiff also provides no justification for the delay in amending his complaint to add putative class allegations. Moreover, as Defendant points out, such an amendment would essentially restart this case. (Doc. 86, at ID 1443.) It would compel lengthy and burdensome discovery, such as the production of additional documents, depositions regarding class certification issues, possible expert discovery, and briefing and arguments concerning class action certification. Defendants have already filed their motion for summary judgment, and would clearly be unfairly prejudiced if they were required to reopen discovery at this late stage. *Duggins*, 195 F.3d at 834; *see also Lymon v. Aramark Corp.*, No. CIV 08-0386, 2009 WL 5220285, 2009 U.S. Dist. LEXIS 118181, at *22 (D.N.M. Dec. 12, 2009) (finding that defendants would be prejudiced if Plaintiff were permitted to amend to add a class action because it would shift the focus and expand claims.) Further, Plaintiff has not indicated that any of the

proposed class members would be precluded from filing suit separate from Banaszak. Thus I suggest that Plaintiff should be denied leave to amend to allege a class action.

### 3. Individual Claims Against CitiMortgage

Plaintiff seeks to add violations of SCRA §§ 518, 531, 532, 533. He also seeks to add violations of the Consent Decree, Michigan's Consumer Protection laws and the TILA. (Doc. 78, Ex. 1.) Defendant argues that each of these proposed amendments is futile. (Doc. 86, at ID 1449-51.) However, I do not find it necessary to address the merits of each of these claims. Given that defendants have completed discovery and filed a motion for summary judgment in his case, Defendant would be substantially prejudiced if Plaintiff were permitted to amend his complaint to add these new claims at this late date. *See Duggins*, 195 F.3d at 834. Thus I suggest that Plaintiff should be denied leave to amend to add these claims.

### 4. Individual Claims Against Huntington

Plaintiff's proposed amended complaint seeks to add Huntington as a defendant and alleges violations of the SCRA. However, Plaintiff has provided no evidence that Huntington had notice of the allegations raised in Plaintiff's complaint. Moreover at this late stage of the litigation, Huntington would be substantially prejudiced because the discovery cutoff and dispositive motion date have already passed. Thus, I suggest that Plaintiff should be denied leave to amend his complaint.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve

11

and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 2, 2016                                S/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: March 2, 2016                          By s/Kristen Krawczyk
                                                                              Case Manager

1:13-cv-13710-TLL-PTM Doc # 94 Filed 03/02/16 Pg 13 of 13 Pg ID 1788