UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY J. BANASZAK,

        Plaintiff,        Case No. 13-cv-13710

v        Honorable Thomas L. Ludington
        Magistrate Judge Patricia T. Morris
CITIMORTGAGE, INC.,

        Defendant.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, AND DENYING PLAINTIFF'S MOTION TO EXTEND THE SCHEDULING ORDER AND FILE AN AMENDED COMPLAINT**

Plaintiff Anthony J. Banaszak initiated this case by filing his 10-count complaint on August 29, 2013. Complaint, ECF No. 1. Plaintiff alleged that Defendants CitiMortgage, Inc., Bay County Treasurer, Chase Auto Finance Corporation, Springleaf Financial Services Inc., and JPMorgan Chase Bank violated his rights by mismanaging various loans while he was on active duty status. ECF No. 1. All Defendants except for CitiMortgage have been dismissed from this action.

In his complaint, Plaintiff alleged four counts against CitiMortgage arising from its alleged mismanagement of Plaintiff's residential mortgage loan: (1) Violation of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 527, which provides that obligations incurred by the service member before entering military service may not bear an interest rate greater than 6% during the period of military service and, in some cases, for a year after discharge from the military; (2) violation of SCRA § 518, providing that service member's claim for SCRA protection shall not itself provide the basis for an adverse credit report, § 527, and § 591, which permits a service member to apply for relief from collection of debts; (3) violation of

SCRA § 561's prohibition against foreclosure of a service member's real estate for the purpose of collecting tax or other assessments; and (4) fraudulent misrepresentation.

On November 1, 2013, Defendant CitiMortgage filed a motion to dismiss Plaintiff complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion was referred to United States Magistrate Judge Charles Binder, who issued a report on April 10, 2014, recommending that CitiMortgage's motion be granted and that Plaintiff's complaint be dismissed. ECF No. 43. On September 10, 2014, this Court issued an order sustaining Plaintiff's objections in part and adopting in part the report and recommendation. ECF No. 62. Plaintiff's claims under §§ 561 and 518 were dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), as was his claim of fraudulent misrepresentation. His claims under SCRA §§ 527 and 591 survived. ECF No. 62.

After the close of an extended discovery period and seven days before dispositive motions were due, on October 21, 2015 Plaintiff Banaszak filed a motion to modify and extend the scheduling order and for leave to file an amended complaint. ECF No. 78. On March 2, 2016, Magistrate Judge Patricia T. Morris issued her report recommending denying Plaintiff's motion. ECF No. 94. Plaintiff timely filed objections, which will now be overruled.

**I.**

Anthony Banaszak is a captain in the United States Armed Services. On November 11, 2003, Banaszak executed a mortgage securing property located at 1031 South Lincoln Street, Bay City, Michigan. Compl. ¶ 4. The promissory note reflected a 30-year loan with a fixed rate of interest at 6.875%. Compl. Ex. 1.

**A.**

In September 2004, Banaszak was ordered to active duty from September 2004 through March 31, 2006, and Banaszak explains that active duty "materially affected" his ability to pay his mortgage. Compl. ¶ 5-7, Ex. 4. Because Banaszak was unable to comply with the terms of his mortgage, Citibank prepared a Loan Modification Agreement in which Banaszak acknowledged that he had not paid certain interests, costs, and expenses as required by his mortgage agreement. Specifically, the 2006 Loan Modification Agreement noted that accrued interest, costs, and expenses in the amount of $27,219.82 had not been paid and would therefore be added to Banaszak's principal balance. The 2006 Loan Modification further stated that the annual interest rate would remain at 6.875%. *Id*.

In September 2007, Banaszak was once again called for active duty, and he remained on active duty until March 5, 2013. Compl. ¶¶ 11-12, 16, 20-22, 24. Banaszak claims that this period of active duty "materially affected" his ability to comply with his mortgage obligations. Therefore, while he was on active duty in 2008, CitiMortgage once again proposed a Loan Modification Agreement in which Banaszak acknowledged that certain interest, costs, and expenses had not been paid in accordance with the mortgage terms. Compl. ¶ 26. According to the 2008 Loan Modification Agreement, those accrued costs would be added to the principal balance, resulting in a new unpaid principal balance of $215,364.03. The September 2008 Loan Modification again confirmed that the annual interest rate was 6.875%. *Id*.

About one month later, in October 2008, CitiMortgage sent Banaszak a letter confirming that his interest rate had been lowered so as to comply with SCRA: "According to your previous notification and in accordance with the [SCRA], CitiMortgage, Inc. (CMI) adjusted the effective interest rate on your mortgage loan to 6.000%." Compl. Ex. 8 at 8. The letter further noted that his interest rate would revert back to 6.785% on October 1, 2008, given that "Banaszak has been

released from active duty as of 09/01/07." *Id*. When Banaszak returned from active duty in 2013, he discovered that the Bay County Treasurer had posted a foreclosure notice on his property for non-payment of property taxes. Compl. ¶ 30.

**B.**

In response to these events, Banaszak filed this lawsuit seeking damages and an injunction prohibiting the foreclosure on August 29, 2013. The lawsuit originally included five Defendants, however all but CitiMortgage have since been dismissed. As of this Court's order granting in part CitiMortgage's motion to dismiss on September 10, 2014, only Banaszak's claims against CitiMortgage under SCRA §§ 527 and 591 survive.

The original scheduling order in this action was issued on November 26, 2014. ECF No. 73. Under that order, discovery was due by April 24, 2015 and dispositive motions were due by May 25, 2015. On February 12, 2015 the parties were granted a highly unusual five-month extension to the scheduling order through which the discovery and dispositive motion deadlines were extended to September 14, 2015 and October 28, 2015 respectively. ECF No. 74. The amended scheduling order also provided that motions to join parties and amend pleadings were due by March 27, 2015.

On October 21, 2015, over a month after the close of discovery and almost seven months after motions to amend pleadings and join parties were due, Banaszak filed his current motion to extend the scheduling order and amend his complaint. Banaszak seeks an extension in order to conduct additional discovery and depose Defendants' agents, employees, and/or representatives, as well as other undisclosed witnesses and experts. ECF No. 78. Per his request to amend his complaint, Banaszak seeks to add claims on behalf of a putative class, join Huntington National Bank as a new Defendant, and add multiple new claims, including violations of SCRA §§ 518,

531, 532 and 533, the Consent Decree in the National Mortgage Settlement, Michigan's Consumer Protection Act and Truth and Lending Act. ECF No. 78.

On March 2, 2016, Judge Morris issued her report, recommending denying Banaszak's motions. ECF No. 94. Concerning Banaszak's motion to extend the scheduling order, Judge Morris first noted that Banaszak had not exercised due diligence in seeking discovery, and that his refusal to approve a proposed confidentiality agreement until August 7, 2015 caused delays in the discovery process. She explained that Defendant CitiMortgage promptly produced its documents on August 10, 2015, immediately after submitting the approved confidentiality agreement to the Court. *See* ECF No. 77. She further observed that Plaintiff then waited two months to file his current motion for an extension, waiting until after the close of discovery and one week before the dispositive motion deadline. Concerning Banaszak's motion to amend his complaint, Judge Morris found that Banaszak had unduly delayed filing his motion to amend, and that granting the motion would cause undue prejudice to Defendant CitiMortgage. She found Banaszak's allegations of newly discovered evidence to be without merit in light of his earlier representations to the Court.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*,

656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. Plaintiff Banaszak now raises twenty objections to the Magistrate Judge's report and recommendation.

**A.**

Plaintiff first objects to the Magistrate Judge's finding that he was responsible for delaying the discovery process. Plaintiff argues that the delay is actually attributable to Defendant's delay in filings its answer to Plaintiff's complaint. This objection is without merit. Defendant's delay in filing its answer was the result of a pending motion to dismiss, which was not resloved until September 10, 2014, and Plaintiff's subsequent motion for reconsideration, which was not resolved until October 1, 2014. ECF No. 62. Defendant then promptly filed its

answer on October 1, 2014. These actions had no bearing on the discovery process or the scheduling order, which was issued on November 26, 2014. Plaintiff Banaszak's first objection will be overruled.

**B.**

Plaintiff next objects to the Magistrate Judge's determination that Plaintiff was responsible for Defendant's delayed discovery responses. Plaintiff argues that he originally received Defendant's responses on May 8, 2015, which referenced a protective order, but that Defendant did not seek concurrence for a protective order from him until June 9, 2015. This argument ignores the fact that Plaintiff did not serve discovery requests until March of 2015, despite the fact that the scheduling order was originally entered on November 26, 2014. ECF No. 73. While it may be true that Defendant was responsible for a month of the delay in discovery, this does not change the fact that Plaintiff then waited an additional two months to approve the protective order. It also does not change the fact that Plaintiff did not seek an extension until two additional months had passed and discovery had closed. Plaintiff Banaszak's second objection is therefore without merit and will be overruled.

**C.**

Plaintiff next objects to the Magistrate Judge's assumption that he was required to sign a confidentiality agreement before Defendant could provide the requested documents. Plaintiff waived this argument by not filing a motion to compel during the discovery process. It also ignores the fact that Plaintiff waited two additional months after receiving Defendant's discovery documents to file his motion for an extension. Most importantly, the magistrate judge did not find that Plaintiff was required to sign the confidentiality agreement, only that his failure to timely sign it led to delays. As Defendant emphasizes in its response, had Plaintiff timely

rejected the agreement then Defendant could have unilaterally moved for a protective order from the Court.

Plaintiff also alleges that the confidentiality agreement was a "complex, 14-Page agreement" that he needed to take time to carefully review. This argument is unpersuasive, and does not account for the two months that it took Plaintiff to approve the agreement. This objection will be overruled.

**D.**

Plaintiff Banaszak next objects to the Magistrate Judge's consideration of the fact that he rejected Defendant's offer to produce the documents prior to executing the confidentiality order on an "attorneys' eyes-only basis" in June, 2015. Plaintiff argues that accepting the offer was not feasible or practicable given that Defendant's document production was already overdue and was 3,000 pages long, Defendant's Counsel's offices were hundreds of miles away from Plaintiff's Counsel's offices, and the offer was only made 15 days prior to the date Plaintiff's expert witness report was due. Again, Plaintiff waived this argument by not filing a motion to compel during the course of discovery. It is also unclear how the distance between the Attorney's offices would have had any bearing on an attorney's eyes-only agreement. Finally, this argument has no bearing on the fact that Plaintiff waited until over a month after the close of discovery to bring his motion for an extension. Plaintiff's fourth objection will be overruled.

**E.**

In his fifth objection, Plaintiff Banaszak argues that the Magistrate Judge brushes aside the fact that on September 14, 2015 Defendant agreed to a 90-day extension of the scheduling order. Plaintiff argues that because Defendant had indicated that it agreed to an extension, he thought there would be no reason for the Court to grant such an extension.

The Magistrate Judge expressly addressed Defendant's consent in her report, noting that while Defendant had agreed to an extension on September 14, 2015, Plaintiff then waited over a month to seek the extension. As noted by the Magistrate Judge, by that time Defendant no longer concurred in the request for an extension. This argument also ignores the fact that it is the responsibility of the parties, *as well as the Court*, to process cases towards a prompt and just resolution. The Court is free to reject stipulations for extensions, especially in cases such as this that have already been pending for a year and a half, and where the parties have already received an almost unprecedented five-month extension to the scheduling order. *See* ECF No. 74.

Plaintiff Banaszak also reiterates his previous arguments about Defendant's delay in seeking approval of the confidentiality agreement and the complexity of the 14-page document. For the reasons stated above, this argument is again rejected.

**F.**

Plaintiff next objects to the Magistrate Judge's finding that he should have brought a motion to compel if he found Defendant's disclosures untimely or inadequate. Plaintiff argues that he "would not have been viewed in favorable light by this Honorable Court if, on one hand he was presented with a non-prejudicial Confidentiality Agreement that would stimulate production of documents, and on the other hand, filed a Motion to Compel." This argument amounts only to a concession that Plaintiff was faced with the need to make a decision. It does not explain why he was unable to file a motion to compel. Indeed, this argument essentially concedes that there was no reason not to sign the non-prejudicial confidentiality agreement. This objection again ignores the fact that Plaintiff then waited an additional two months, and until after the close of discovery, to file his motion to extend the scheduling order. This objection is without merit and will be overruled.

**G.**

Plaintiff Banaszak next objects to the Magistrate Judge's finding that Defendant would be unfairly prejudiced if the scheduling order was once again extended. This objection rests primarily on arguments that have already been overruled in response to Plaintiff's previous objections. Plaintiff's argument that the Court is responsible for his delays is also not compelling. The Court's ruling on the previously filed motion to dismiss had no bearing on discovery, as the scheduling order was not issued until after the motion to dismiss was decided. Plaintiff's seventh objection will be overruled.

**H.**

Plaintiff Banaszak again objects to the Magistrate Judge's finding that Defendant would be unfairly prejudiced if the scheduling order was once again extended, arguing that he has shown good cause for another extension. As already explained above, the parties were granted a five-month extension to the scheduling order in this matter. ECF No. 74. Contrary to the Magistrate Judge's finding that Defendant would be unfairly prejudiced if the scheduling order was once again extended. Contrary to Plaintiff's assertions, Plaintiff is not prejudiced by enforcing the scheduling order. Plaintiff had months to seek a second extension if he needed one. Instead, he waited until a month after the close of discovery. Plaintiff's request for an extension was therefore untimely. Again, if Plaintiff had concerns about the speed at which Defendant was producing discovery, he should have filed a motion to compel at that time. Because he did not, he has waived his ability to raise such arguments now after discovery has closed.

**I.**

Plaintiff Banaszak next objects to the Magistrate Judge's finding that he failed to exercise due diligence in his effort to obtain discovery. These arguments are duplicative of Plaintiff's earlier objections and will be overruled.

## J.

Plaintiff Banaszak next objects to the Magistrate Judge's finding that he unduly delayed bringing his motion to amend his complaint to joint Waterfield Mortgage Company as a Defendant under Rule 20 because he should have been aware of Waterfield's involvement in his mortgage loan at the time he filed his complaint. Plaintiff argues that information he discovered during discovery, as well as case law that has been published since he filed his complaint, weigh in favor of his amendment.

The Sixth Circuit has explained that where a party seeks leave to amend after the close of discovery there is "an increased burden is on the movant at this late stage in the litigation to show justification for the failure to move earlier." *Duggins v. Steak "N Shake, Inc*., 195 F.3d 828, 834 (6th Cir. 1999) (citing *Holland v. Metro. Life Ins. Co*., 869 F.2d 1490 (6th Cir. 1989)). Plaintiff has not carried this burden.

As noted by the Magistrate Judge, Plaintiff should have known of potential claims against Waterfield at the time of his complaint becauseWaterfield was listed as servicer of Banaszak's note. Plaintiff also does not address the fact that allowing joinder of a Defendant at this late stage would result in both undue delay and prejudice to Waterfield and Defendant CitiMortgage. Numerous courts have held that the close of discovery is sufficient to warrant a finding of prejudice to the opponent. *See R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 441 (6th Cir. 2005) (holding that the district court did not abuse its discretion in denying the plaintiff's motion to amend its complaint to add new parties where the case had been pending for almost

two years and discovery had closed); *Duggins,* 195 F.3d at 834 (affirming the district court's denial of plaintiff's motion to amend where discovery had closed, a motion for summary judgment had been filed, and the plaintiff had been aware of the basis for the new claim since filing the complaint); *Coates v. Jurado*, 2015 WL 1510400 at *2 (E.D.Mich. 2015) (stating that allowing the plaintiff to add a new defendant and a new claim would be unduly prejudicial where he had been aware of the basis of his proposed claims for over seven months and discovery had been closed for a month).

As noted above, Plaintiff's conduct led to a delay in the discovery process in this matter. Plaintiff could have brought motions to compel or a motion to extend the scheduling order at an earlier time but elected not to do so. Allowing Plaintiff to amend his complaint after the close of discovery and a week before the dispositive motion deadline would cause both undue delay and prejudice. Finally, this does not prejudice Plaintiff, who has the ability to bring a new cause of action against Waterfield if he so chooses.

**K.**

In his eleventh objection, Plaintiff argues that the magistrate judge erred in denying him leave to amend his complaint to add claims that CitiMortgage's conduct violated §§ 531 and 532. As noted by the magistrate judge, Plaintiff's original complaint raised similar allegations to support a claim under § 527. Furthermore, in his motion to amend Plaintiff acknowledges that the alleged violations of his rights were "[p]reviously suspected and painfully experienced by Plaintiff at the time' but, unsubstantiated…." ECF No. 78. Since Plaintiff had reason to previously suspect that the violations existed, he could have previously pled such violations. The point of a complaint is to provide a defendant with notice of the allegations against it and notice of the information to be sought in discovery. The fact that the suspected violations were

unsubstantiated until discovery is no reason not to have brought the claims in the first instance. Indeed, the entire point of discovery is to substantiate claims raised in the pleadings. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 585, (2007) ("the simplified notice pleading standard of the Federal Rules relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."). Instead, Plaintiff delayed pursuing the claim until after the discovery deadline had passed, thereby causing undue delay and prejudicing Defendant's ability to defendant against such claims.

Plaintiff's arguments that his new awareness of two cases, *Wray v. CitiMortgage, Inc.,* 3:12–3628 (D.S.C. June 26, 2013) and *Brewster v. Sun Trust Mortgage, Inc*., No. 12–56560 (9th Cir. Feb. 7, 2014), has brought new causes of action to his attention are not persuasive for the simple reason that Plaintiff did not raise these arguments in his original motion to amend. Plaintiff's eleventh objection will be overruled. Furthermore, Plaintiff was clearly aware of these cases previously, since he relied on both cases as early as September 23, 2014 in a motion for reconsideration that was denied by this Court. ECF Nos. 63, 65. He also cited both cases on October 8, 2014 in a motion for a certificate of appealability that was denied. ECF Nos. 65, 67. Plaintiff cannot argue that he was previously unaware of the cases, when his own filings demonstrate that he was.

### L.

Plaintiff's twelfth objection will be overruled for similar reasons. Plaintiff alleges that the magistrate judge erred in finding that he had raised similar allegations that CitiMortgage violated the SCRA by charging six percent interest while he was on active duty in his original complaint. Plaintiff again raises arguments under *Wray* that were not raised in his original motion to amend. Because Plaintiff was clearly aware of *Wray* by late 2014, yet did not move to

amend until over a year later, there is no justification for the delay. *See Duggins,* 195 F.3d at 834. Furthermore, Plaintiff did not raise these arguments in his underlying motion to amend.

### M.

Plaintiff's thirteenth objection is also without merit. Plaintiff argues that he should be permitted to plead a new claim under SCRA § 533. Plaintiff was aware of the basis of this claim at the time of his original complaint, as he referenced § 533 in his original fraud claim. As he himself notes, in dismissing his fraud claim on September 10, 2014 the Court noted that "[t]he Complaint does not assert a violation of § 533 as an independent cause of action." Plaintiff then filed a motion to certify an appeal on the question of whether he should have been allowed to amend his complaint to add a claim under § 533 based on *Brewster*. ECF No. 67. In denying that motion, the Court noted that Plaintiff had not actually moved to amend his complaint at any time. ECF No. 68.

Despite being aware of a possible § 533 claim at the time he filed his complaint, and despite learning of the *Brewster* case as early as late September of 2014, Plaintiff did not move to amend until over a year later and after the close of discovery. Plaintiff has again not shown any justification for the delay.

### N.

Plaintiff's fourteenth objection will be overruled because the claim he seeks to add is not based on new evidence. Plaintiff argues that Plaintiff did not learn of fees, costs, and interest charged to Plaintiff until Defendant produced its discovery documents on August 10, 2015. However, as noted by the magistrate judge, Plaintiff's original complaint asserted that he was charged an interest rate over 6 percent in violation of SCRA § 527 and coerced into a loan

agreement with higher principal due to wrongfully assessed interest, late fees, and penalties in violation of SCRA § 518. *See* ECF No. 1. ¶¶ 50, 70(A).

Plaintiff continues to repeat the argument that he was not aware of the extent of the violations until he received documents through discovery. This does not change the fact that Plaintiff was aware of the basis of the claim at the time of filing his original complaint. After Plaintiff's fraud claim was dismissed he had over a year to file a motion for leave to file an amended complaint reincorporating his allegations that Defendant wrongfully assessed interest, late fees, and penalties in violation of SCRA § 518. Plaintiff did not do so, and his current motion is untimely. His objection will be overruled.

### O.

Plaintiff's fifteenth objection will be overruled for the same reasons. Plaintiff argues that the Court should grant him leave to amend his complaint to add allegations that Defendant violated his rights under SCRA § 518 by reporting that negatively affected Plaintiff's credit score. Again, in his original complaint Plaintiff specifically alleged that Defendant had violated SCRA § 518 by adversely impacting his credit score. ECF No. 1. ¶ 70(B). Because he knew of the basis of the claim at the time of his original filing, his motion to amend is untimely.

### P.

Plaintiff has similarly not carried his burden of showing cause for his delay in adding claims that Defendant violated a consent decree between Defendant and the United States in denying his loan modification. Plaintiff was aware of the basis for such a claim at the time he filed his complaint. *See* ECF No. 1. ¶ 27. Furthermore, Plaintiff expressly referenced the consent decree between Defendant and the United States in his objections to a previous report and recommendation on April 22, 2014. ECF No. 44 at 15. Plaintiff could have moved to amend his

complaint at any time between then and now. Instead, he waited until after the close of discovery and a week before the dispositive motion deadline. Plaintiff has therefore failed to carry his burden of demonstrating that he could not have brought these allegations earlier. *Duggins,* 195 F.3d at 834

### Q.

Plaintiff finally attempts to reargue that Defendant incorrectly calculated the principal balance due on his mortgage obligation, and that Plaintiff could not have discovered the incorrect calculation until after discovery. For the reasons already stated by the magistrate judge, this argument is unpersuasive and will be overruled.

### P.

Plaintiff next seeks to add claims on behalf of a putative class. Plaintiff argues that this late motion to amend is justified because he recently learned of *Wray*, 3:12–3628. Again, Plaintiff was aware of *Wray* as early as September of 2014, since he cited the case in both his motion for reconsideration and his motion for a certificate of appealability. As Plaintiff states in his objections, he knew that plaintiff's counsel in *Wray* filed a motion to provisionally certify the class on March 5, 2015.

Plaintiff has not carried his burden of demonstrating that his delay in seeking to add claims on behalf of a putative class is justified, especially where discovery has already closed. The fact that Defendant was party to a similar class action in South Carolina has no bearing on the present case, and has no bearing on Plaintiff's burden to provide Defendant with timely notice of the claims he intends to assert against Defendant in this matter. *See* Fed. Rule Civ. P. 8; *Twombly*, 550 U.S. at 554-55. The late addition of class claims would be severely prejudicial to Defendant, and would essentially restart this case, which has already been pending for over a

year and a half. Finally, as noted by the magistrate judge, Plaintiff has not demonstrated that the proposed class members are in any way precluded from filing separate suits against Defendant. Plaintiff's objection will therefore be overruled.

### Q.

In his nineteenth objection, Plaintiff reiterates the arguments stated in his previous objections. Because all of Plaintiff's previous objections are without merit, so too is this objection. It will therefore be overruled.

### R.

Finally, Plaintiff objects to the magistrate judge's determination that he should not be permitted to add claims against Huntington Bank. As noted by the magistrate judge, Huntington has not been placed on notice of the allegations raised in Plaintiff's complaint, and joinder at this stage would substantially prejudice both Huntington and CitiMortgage. As noted by Plaintiff, he has the ability to pursue a separate lawsuit against Huntington Bank. Plaintiff's twentieth objection will therefore be overruled.

### III.

Accordingly, it is **ORDERED** that Plaintiff Banaszak's objections, ECF No. 95, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 94, is **ADOPTED**.

It is further **ORDERED** that Plaintiff Banaszak's motion to extend the scheduling order and for leave to file a first amended complaint, ECF No. 78, is **DENIED.**

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: April 7, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 7, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager